Tyrone BRAND, Appellant,

v.

Frank GILLIS, Superintendent; the District Attorney of the County of Philadelphia; the Attorney General of the State of Pennsylvania.

No. 02–3494.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 1, 2003.

Decided Dec. 2, 2003.

Michael C. Schwartz, James, Jarrett & Schwartz, Philadelphia, PA, for Appellant.

David C. Glebe, Office of District Attorney, Philadelphia, PA, for Appellee.

Before SLOVITER, ALITO and FRIEDMAN,[*] Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Petitioner Tyrone Brand filed a petition for writ of habeas corpus in the District Court pursuant to 28 U.S.C. § 2254. A Pennsylvania prisoner serving a life sentence, Brand claims that the assistance of his counsel was ineffective during his state court first-degree murder trial. Specifically, Brand argues that the trial counsel erroneously stipulated to a blood alcohol level that was substantially lower than the actual level, failed to dispute and disprove certain factual findings relevant to the element of specific intent, and neglected to properly impeach statements made by cer-

tain witnesses. A Magistrate Judge ("MJ") issued a report recommending denial and dismissal of Brand's petition, finding that Brand did not demonstrate any "substantial violation of any Constitutional right." The District Court, after considering Brand's objections to the MJ's findings, approved and adopted the report and recommendation, as supplemented by its memorandum, and issued an order denying and dismissing Brand's petition. For the following reasons, we will affirm the District Court's order. Because we write solely for the parties, we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to resolution of the issues presented.

## I.

### Background

Brand was an employee of the Philadelphia Electric Company. On October 31, 1986, having already had two drinks during the workday, Brand went to a bar with decedent Robin Harris, a co-worker. According to trial testimony, Brand consumed eight vodka drinks and a beer from 5:00 to 9:30 pm. Harris then drove Brand, in Brand's automobile, to the Sugar Sticks Bar in Germantown to have another drink. The bartender at the Sugar Sticks Bar, however, refused to serve Brand alcohol because Brand appeared intoxicated. Harris and Brand then left the Sugar Sticks Bar.

As Harris and Brand were conversing near Brand's automobile outside the Sugar Sticks Bar, Olious Hightower, who was a neighbor of Harris, appeared on the scene. After briefly conversing with each other, Hightower and Harris began walking together down Germantown Avenue. Brand

---

[*] Hon. Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

followed them slowly in his car. According to Hightower, Brand then got out of his car, pointed a gun at Harris's face, and said "I should kill you." Hightower then knocked the gun out of Brand's hand, picked up the gun, and told Brand to get back into his car. Brand again followed Harris and Hightower in his car and asked to have his gun back. At some point, Brand's car veered onto the sidewalk in Harris and Hightower's direction, struck both Harris and Hightower, and crashed into a wall approximately 30 to 40 feet from the curb. While Hightower sustained only minor injuries, Harris died 11 days later of multiple head injuries.

Brand was convicted of first-degree murder, driving under the influence, simple assault, and various weapons offenses following a nonjury trial in the Pennsylvania Court of Common Pleas. Brand then filed post-verdict motions with the trial court, claiming the first-degree murder conviction was against the weight of the evidence because the trial court failed to consider Brand's severely intoxicated state. The court denied these motions and sentenced Brand to life imprisonment on the murder conviction, with concurrent terms for his other crimes. Brand's direct appeal to the Pennsylvania Superior Court was denied, and the Pennsylvania Supreme court denied *allocatur.*

On January 14, 1997, Brand filed a *pro se* Petition for Post Conviction Collateral Relief in the Pennsylvania Court of Common Pleas pursuant to changes in Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons.Stat. Ann. §§ 9541–9546. Brand alleged that he was denied effective assistance of counsel during trial. Specifically, Brand argued that his trial counsel (1) failed to establish his true level of intoxication and demonstrate the effects of his head injury on his behavior immediately after the incident, (2)

failed to investigate the actual circumstances of the car crash through accident reconstruction and correct erroneous facts relied upon by the trial court in its conviction, and (3) failed to cross-examine opposing witnesses on key points regarding Brand's behavior during the incident. After review, the PCRA court dismissed Brand's petition summarily on October 27, 1997, holding that Brand's claims were without merit on their face. The same court then affirmed the dismissal on June 1, 1998. The Pennsylvania Superior Court subsequently affirmed the PCRA court's order, and the Pennsylvania Supreme Court denied *allocatur.*

Brand filed the petition for habeas corpus in the District Court on October 13, 1999. As he did in the PCRA petition, Brand argued that his trial counsel provided ineffective assistance in (1) failing to establish that Brand's blood alcohol content was too high to form the specific intent required for first-degree murder, (2) failing to refute the evidence concerning the physical circumstances surrounding the car accident, and (3) failing to cross-examine witnesses regarding Brand's pre- and post-accident conduct. Brand also claimed that evidence discovered after the trial undermined the credibility of the prosecution's key witnesses.

Relying largely on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a Magistrate Judge ("MJ") issued a Report and Recommendation ("R & R") recommending that Brand's ineffective assistance of counsel claims should be dismissed on the merits. The MJ also recommended that Brand's after-discovered evidence claim be dismissed because the evidence in question was trivial and merely for impeachment purposes. Brand objected to the MJ's findings, arguing that the MJ erred when s/he applied a sufficiency of the evidence standard and

relied on the PCRA court's opinion in rejecting Brand's ineffective assistance of counsel claims. The District Court, in a lengthy opinion, overruled Brand's objections, adopted the R & R, and denied Brand's habeas petition in its entirety. This appeal followed.

## II.

### Jurisdiction

The District Court had jurisdiction under 28 U.S.C. § 2254. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. Our review of the District Court's order is plenary. Pursuant to 28 U.S.C. § 2254(d), a state court's adverse resolution of a claim of constitutional error provides a basis for federal habeas relief only if the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court," or if it resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 376, 386, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## III.

### Discussion

In order for us to consider Brand's habeas petition, Brand must have first exhausted all available state court remedies and not have procedurally defaulted his federal claims in state courts. 28 U.S.C. § 2254(b)(1); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999). The District Court determined that Brand has exhausted his state court remedies and did not procedurally default his claims, and the parties do not object to that finding. Therefore, we now consider the merits of Brand's claims under 28 U.S.C. § 2254(d).

In *Strickland*, the United States Supreme Court established a two-prong standard for adjudicating ineffective assistance of counsel claims under the federal Constitution. First, claimant must establish the counsel's deficient performance by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Second, claimant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In applying this standard, counsel is strongly presumed to have acted within the range of "reasonable professional assistance," and claimant bears the burden of "overcom[ing] the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citation omitted).

Applying *Strickland*, we find that the Pennsylvania Superior Court's denial of Brand's ineffective assistance claims was not contrary to established federal law as interpreted by the United States Supreme Court. Moreover, the Pennsylvania Superior Court's adjudication of Brand's claims was not contrary to established federal law. Nor was the Superior Court's decision an objectively unreasonable application of *Strickland*. Brand argues that the counsel acted ineffectively in pursuing his diminished capacity claim by stipulating to a blood alcohol level that was significantly lower than the actual level supported by the evidence, and by failing to present evidence on the significance of Brand's head injury to his post-incident behavior. The Superior Court concluded that the trial court had thoroughly considered Brand's diminished capacity defense and rejected it, and that the disputed blood alcohol content figure did not prejudice the trial's outcome. We find this conclusion to be a reasonable application of the *Strickland* standard. Brand's counsel clearly

pursued a diminishing capacity defense, and the trial court's rejection of such defense in finding specific intent for convicting Brand of first-degree murder did not render the trial unfair or its result unreliable. *See Strickland,* 466 U.S. at 687.

Equally unpersuasive are Brand's claims that his counsel's failure to effectively dispute physical evidence offered by the prosecution to establish specific intent and to vigorously cross-examine certain witnesses constituted ineffective assistance. Brand has not demonstrated, in accordance with *Strickland,* that his counsel's conduct fell outside the range of objectively reasonable professional conduct, and that such conduct deprived Brand of a fair trial. An unfavorable trial verdict alone cannot establish an ineffective assistance of counsel claim.

### IV.

#### Conclusion

For the foregoing reasons, we will affirm the District Court's order.